UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH ALLAN COOPER,

    Plaintiff,

v.

K. ALLISON, et al.,

    Defendants.

Case No. 20-04658 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state prisoner currently housed at the San Quentin State Prison ("SQSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against SQSP prison officials and CDCR officials.[1] Dkt. No. 1. The Court conducts an initial review below.

**DISCUSSION**

**A.**     <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a

---

[1] This matter was reassigned to this Court August 19, 2020, pursuant to *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017), because Plaintiff did not file a completed *In Forma Pauperis* ("IFP") application in the time provided. Dkt. Nos. 5, 6. This Court *sua sponte* granted Plaintiff an extension of time to do so. Dkt. No. 8. Plaintiff filed a completed IFP application on September 18, 2020. Dkt. No. 10. The application will be addressed in a separate order.

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  **Plaintiff's Claims**

Plaintiff claims that on July 25, 2018, he was on his way back to his cell from a group meeting and had to wait on the upper-yard while inmates from another section were going to "chow." Dkt. No. 4. While he was speaking to Father Williams and another priest, an alarm was activated. *Id.* Plaintiff was separated from them and seated near the fence area, where he ended up next to an inmate known as "Dangerous Dan." *Id.* Plaintiff alleges that he "turned and was struck contemporaneously, i.e., he was clothes-line[d] by i/m Cucuk… and kneed in the back and struck by a baton by C/O Malikian on the head while going to the ground." *Id.* He was promptly taken to the prison emergency room ("TTA") to receive treatment for his head injury. *Id.* at 5. Plaintiff asserts this assault was a result of the change in custody status of general population ("GP") to non-designated ("ND") status on or about January 1, 2018, which integrated special needs ("SNY") prisoners with the GP. *Id.* at 10. Plaintiff claims that there is an inference that Defendants knew of a substantial risk of harm in integrating SNY and GP inmates because the risk was obvious. *Id.* at 11.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In

2

particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id*. at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. Allegations in a *pro se* complaint sufficient to raise an inference that the named prison officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it state a failure-to-protect claim. *See Hearns*, 413 F.3d at 1041-42 (citing *Farmer*, 511 U.S. at 847).

Plaintiff fails to state sufficient facts to state a failure to protect claim against any of the named Defendants: Kathleen Allison, Director of the CDCR, Secretary Ralph Diaz, Correctional Officer N. Malikian, and Warden Ron Broomfield. Dkt. No. 1 at 2-3. Plaintiff's allegations show that he is making conclusory claims based on speculation. The only individual who was present during the alleged attack was Defendant Malikian, who was escorting the perpetrator and was the initial responding officer. *Id.* at 3. According to Plaintiff's allegations, the attack took place while he was returning to his cell after an alarm was activated. *See supra* at 2. However, Plaintiff does not specifically allege that Inmate Cucuk was a GP inmate who intentionally attacked him because he knew Plaintiff was formerly an SNY inmate, nor does Plaintiff allege that any named Defendant was aware that Plaintiff was likely to be attacked at that time and yet failed to take steps to protect him. Rather, the papers submitted with his complaint indicate that this was far from the case. Plaintiff attached a copy of the "Crime/Incident Report" from that date, which describes Inmate Cucuck being escorted by Defendant Malikian along with other

3

1  "Badger Section Inmates who were being escorted to Receiving and Release for
2  orientation into the Non-Designated program." Dkt. No. 1-2 at 13. The report describes
3  Inmate Cucuck running away from the group of inmates being escorted and engaging in a
4  battery on Plaintiff. *Id.* There is no indication that Defendant Malikian was aware that
5  Inmate Cucuck was likely to run away during escort and assault another inmate, much less
6  one that he was aware to be an SNY like Plaintiff. Without more specific factual
7  allegations indicating otherwise, Plaintiff's claim that Defendant Malikian knew of an
8  excessive risk to Plaintiff's safety under these circumstances and failed to take reasonable
9  steps to abate it is purely speculative. Nor can it be said the circumstances raise even an
10 inference that Plaintiff faced a substantial risk of harm merely by being present in the same
11 vicinity of other inmates during an escort. Accordingly, the claim against Defendant
12 Malikian will be dismissed with leave to amend for Plaintiff to attempt to state sufficient
13 facts to support a failure to protect claim, if he can do so in good faith.

14       Plaintiff's allegations are also not sufficient to state a claim against CDCR
15 Defendants Director Kathleen Allison and Secretary Ralph Diaz. Liability may be
16 imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that
17 the defendant's actions both actually and proximately caused the deprivation of a federally
18 protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062,
19 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). The inquiry into
20 causation must be individualized and focus on the duties and responsibilities of each
21 individual defendant whose acts or omissions are alleged to have caused a constitutional
22 deprivation. *See Leer*, 844 F.2d at 633 (citations omitted). An official will not be liable if
23 he has not played a role in the violation of the plaintiff's rights. *Hines v. Youseff*, 914 F.3d
24 1218, 1228 (9th Cir. 2019). Plaintiff claims Defendants Allison and Diaz are liable
25 because they are responsible for the "overall" and "day-to-day" operations of the
26 Department. Dkt. No. 1 at 2-3. However, there is no allegation that they were individually
27 aware of Plaintiff's circumstances and that they played a role in the violation of his rights.

4

Nor is it likely that Plaintiff could allege sufficient facts to show their individual involvement since these Defendants are not directly involved in the operation of specific prisons like SQSP, including the escort of inmates to and from parts of the prison. Accordingly, these Defendants must be dismissed from this action for failure to state a claim against them.

Plaintiff's allegations are also insufficient to state a claim against Defendant Warden Ron Broomfield. A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). Plaintiff claims Defendant Broomfield is "legally responsible for the operation and welfare of all [inmates] in that prison." Dkt. No. 1 at 3. However, Plaintiff makes no allegation that Defendant Broomfield was personally involved in the incident or that Defendant engaged in any specific wrongful conduct that is causally connected with the alleged failure to protect claim. Accordingly, the claim against Defendant Broomfield will be dismissed but with leave to amend for Plaintiff to attempt to allege sufficient facts to state a claim if he can do so in good faith.

## CONCLUSION

For the reasons state above, the complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above and attempt to state cognizable claims against **Defendants Malikian** and **Broomfield**. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 20-04658 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint

5

supersedes the original, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

**IT IS SO ORDERED.**

Dated: _January 4, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.20\04658Cooper_dwlta