UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH ALLAN COOPER,
    Plaintiff,

v.

K. ALLISON, et al.,
    Defendants.

Case No. 20-04658 BLF (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner currently housed at the San Quentin State Prison ("SQSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against SQSP prison officials and CDCR officials. Dkt. No. 1. The Court dismissed the complaint with leave to amend to attempt to state a cognizable failure to protect claim under the Eighth Amendment against Defendants Malikian and Broomfield and found the allegations against Defendants Allison and Diaz insufficient to state a claim. Dkt. No. 16. Plaintiff has filed an amended complaint. Dkt. No. 17.

**DISCUSSION**

**A.** <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. **Plaintiff's Claims**

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. Allegations in a *pro se* complaint sufficient to raise an inference that the named prison officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it state a failure-to-protect claim. *See Hearns*, 413 F.3d at 1041-42 (citing *Farmer*, 511 U.S. at 847).

In the original complaint, Plaintiff claimed that he was attacked by another inmate

2

named Cucok on July 25, 2018, which resulted in a head injury. Dkt. No. 1 at 4-5. Plaintiff was returning to his cell and was waiting on the upper-yard while inmates from another section were being escorted to "chow." *Id.* Defendant Malikian was escorting the inmates when Inmate Cucok ran away from the line and attacked Plaintiff. Dkt. No. 1-2 at 13. Plaintiff claimed the assault was a result of the change in custody status of general population ("GP") to non-designated ("ND") status on or about January 1, 2018, which integrated special needs ("SNY") prisoners with the GP in Non-Designated Programming Facilities ("NDPFs"). *Id.* at 10. Plaintiff claimed that there is an inference that Defendants knew of a substantial risk of harm in integrating SNY and GP inmates because the risk was obvious. *Id.* at 11. However, the Court found Plaintiff was making conclusory claims based on speculation. Dkt. No. 16 at 3. Nowhere did Plaintiff allege that Inmate Cucok was a GP inmate who intentionally targeted Plaintiff because he knew Plaintiff was [formerly] an SNY inmate. *Id.* Nor did Plaintiff allege that any named Defendant was aware that Plaintiff was likely to be attacked at that time and yet failed to take steps to protect him. *Id.* In dismissing the original complaint with leave to amend, the Court specifically granted Plaintiff an opportunity to state sufficient facts to state a failure to protect claim under the Eighth Amendment against Defendants Malikian and Warden Broomfield. Dkt. No. 16 at 5-6. The Court found there were insufficient facts to state a failure to protect claim against Defendant Allison and Diaz who are not directly involved in the operation of specific prisons like SQSP, including the escort of inmates to and from parts of the prison. *Id.* at 6.

Plaintiff has filed an amended complaint which does not remedy the deficiencies from the original complaint. He again names the CDCR Director Kathleen Allison and Secretary Ralph Diaz as defendants, as he did in the original complaint, and also names Warden Ron Davis as a new defendant. Dkt. No. 17 at 2. Plaintiff makes no attempt to state a claim against Defendants Malikian and Broomfield as instructed by the court order. Dkt. No. 16. Rather, Plaintiff repeats his claim that the assault on July 25, 2018, was a

3

result of the change in his custody designation from "GP" to "ND," which made him a target throughout the GP population, and that Defendants are therefore liable for his injuries. *Id.* at 5. Plaintiff attached a copy of the inmate grievance he filed on the incident, Dkt. No. 17 at 34-37, the responses at all three levels of review, *id.* at 9-13, and the relevant incident reports, *id.* at 21-33. A review of these papers reveals no indication of what motivated Inmate Cucok to attack Plaintiff on July 25, 2018. There is no indication, for example, that Inmate Cucok knew Plaintiff or that he targeted Plaintiff due to a change in his custody status. Furthermore, Officer Malikian's incident report states that Inmate Cucok was being escorted "for orientation into the Non-Designated program" at the time of the assault, Dkt. No. 17 at 24, and when Inmate Cucok was interviewed after the assault, he stated that "he [was] unwilling to program in San Quentin Non-Designated Program." *Id.* at 21. This information indicates that Inmate Cucok may have acted out because he did not wish to participate in the ND program, perhaps because he himself was a SNY inmate, and his attack on Plaintiff was a random act of violence rather than a targeted attack. Without more specific factual allegations rather than conclusory statements, Plaintiff fails to show that his change in custody designation was causally linked to the assault by Inmate Cucok.

Furthermore, Plaintiff fails to state sufficient facts to state a failure to protect claim against Defendants Allison, Diaz, and Davis based on what appears to be no more than a random assault by Inmate Cucok. Plaintiff is attempting to link his injury to the several lawsuits that have been filed against these Defendants for injuries allegedly resulting from the implementation of NDPFs. Dkt. No. 17 at 16-20. However, as Plaintiff has previously been advised, liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). The inquiry into causation must be individualized and focus on the duties

4

and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *See Leer*, 844 F.2d at 633 (citations omitted). An official will not be liable if he has not played a role in the violation of the plaintiff's rights. *Hines v. Youseff*, 914 F.3d 1218, 1228 (9th Cir. 2019). Here, Plaintiff has failed to show that the actions of the named Defendants both actually and proximately caused the assault by Inmate Cucok. Like the original complaint, the amended complaint contains no allegation that these Defendants were individually aware of Plaintiff's particular circumstances and that they played a role in the violation of his rights. As discussed above, there is no factual allegation that Inmate Cucok attacked Plaintiff because of the change in custody designation or the integration of SNY and GP inmates. *See supra* at 4. Rather, the lack of evidence with regard to motive indicates that the attack was a random act of violence that occurred not during yard time, but while inmates happened to be passing each other in a common area. Although Plaintiff asserts that he has offered "multifarious material facts that equate to triable issues," he has merely raised questions without any factual allegations to support his conclusory claims. Dkt. No. 17 at 5. Although given another opportunity to do so, Plaintiff has shown that he cannot allege sufficient facts to show the individual involvement of these Defendants who are not directly involved in the day-to-day operations of specific prisons like SQSP. Accordingly, the Eighth Amendment claim against them must be dismissed for failure to state a claim for relief.

The amended complaint is DISMISSED without leave to amend because Plaintiff was already afforded one opportunity to amend and the Court finds no good cause to grant him another opportunity where the deficiencies from the original complaint remain the same. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

///

## CONCLUSION

For the foregoing reasons, the amended complaint is **DISMISSED** for failure to state a claim for which relief can be granted.

**IT IS SO ORDERED.**

Dated: __June 4, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.20\04658Cooper_dism(ftsac)